UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| In re: | ) |
| | ) |
| Pinnacle Regional Hospital, Inc., *et al.*,[1] | ) Case No. 20-20219 |
| | ) |
| Debtors. | ) Chapter 7 |
| | ) |
| | ) (Jointly Administered) |

## CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO DISBURSE A PORTION OF THE SALE NO. 3 NET PROCEEDS TO GREAT WESTERN BANK

COMES NOW James A. Overcash, not individually, but solely in his capacity as the Chapter 7 Trustee in the above-captioned bankruptcy cases (the "Trustee"), submits this motion for an Order, pursuant to 11 U.S.C. §§ 105 and 363(b) to disburse a portion of the net sale proceeds received from Sale No. 3 to Great Western Bank (the "Bank") in satisfaction of its security interests on certain equipment sold under Sale No. 3 (the "Motion"). In support of this Motion, the Trustee represents as follows:

## BACKGROUND

1. On February 12, 2020 (the "Commencement Date"), Pinnacle Regional Hospital Inc. ("Pinnacle Hospital"), Pinnacle Regional Hospital, LLC ("Pinnacle Boonville"), Blue Valley Surgical Associates, LLC ("BVSA"), Pinnacle Health Care System, Inc. ("Pinnacle Health"), Rojana Realty Investments, Inc. ("Rojana"), and Joy's Majestic Paradise, Inc., ("Joy's" and together with the other debtors, collectively, the "Debtors") filed voluntary petitions for relief

---

[1] The Debtors in this case are: Pinnacle Regional Hospital, Inc., Case No. 20-20219; Pinnacle Regional Hospital, LLC, Case No. 20-20221; Blue Valley Surgical Associates, LLC, Case No. 20-20222; Pinnacle Health Care System, Inc., Case No. 20-20224; Rojana Realty Investments, Inc., Case No. 20-20225; and Joy's Majestic Paradise, Inc., Case No. 20-20227.

under chapter 11 title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (collectively, the "Bankruptcy Cases").

2. The Court has jurisdiction of this motion pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b) in that this motion affects the administration of these bankruptcy cases. Venue is proper in this Court. 28 U.S.C. § 1409(a).

3. On March 31, 2020, the Trustee was appointed as the chapter 11 trustee in the Bankruptcy Cases (ECF No. 84).

4. On July 23, 2020, the Court entered its Order Granting Trustee's Motion to Convert Jointly-Administered Bankruptcy Cases to Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. § 1112 (ECF No. 385) (the "Conversion Order").

5. Pursuant to the Conversion Order, on July 31, 2020 (the "Conversion Date") the Bankruptcy Cases converted to cases under chapter 7 of the Bankruptcy Code.

6. On August 3, 2020, the Trustee was appointed as chapter 7 trustee in the Bankruptcy Cases.

**The Interests in the Equipment**

7. In 2015, Commercial Capital Company, LLC ("CCC") as lessor and Pinnacle Hospital and/or Pinnacle Health as lessee executed certain Lease Agreements under which Pinnacle Hospital and/or Pinnacle Health leased certain equipment from CCC more fully described in the Lease Agreements (collectively, the "CCC Equipment").

8. The Bank contends that, on August 25, 2017, Pinnacle Boonville executed a Business Security Agreement in favor of the Bank granting the Bank a security interest in, *inter alia*, Pinnacle Boonville's equipment.

2

CORE/3519737.0002/163071646.2

Case 20-20219   Doc# 522   Filed 11/11/20   Page 2 of 8

9.      The Bank further contends that, on October 3, 2018, Pinnacle Boonville executed a Business Security Agreement in favor of the Bank granting the Bank a security interest in, *inter alia*, Pinnacle Boonville.

10.     On April 16, 2018, Blue Valley Hospital, Inc. (n/k/a Pinnacle Hospital), BVSA, and Pinnacle Health in favor of the Bank granting the Bank a security interest in, *inter alia*, the equipment of Pinnacle Hospital, BVSA and Pinnacle Health.

11.     On December 17, 2018, Blue Valley Hospital, Inc. (n/k/a Pinnacle Hospital), BVSA, and Pinnacle Health executed a Business Security Agreement in favor of the Bank granting the Bank a security interest in, *inter alia*, the equipment of Pinnacle Hospital, BVSA and Pinnacle Health.

12.     There is no dispute that the Bank holds a valid and perfected, first priority security interest in the equipment owned by Pinnacle Hospital, BVSA and Pinnacle Health.

13.     It is the Bank's alleged security interest in, *inter alia*, the equipment of Pinnacle Boonville that is the subject of the action described below.

**The Challenge Action**

14.     On July 8, 2020, the Official Committee of Unsecured Creditors for the Debtors filed an adversary complaint against the Bank (the "Complaint") thereby commencing an adversary proceeding against the Bank captioned Official Committee of Unsecured Creditors v. Great Western Bank, Adv. No. 20-06025 (the "Adversary Proceeding").

15.     The Complaint, among other things, asserts a claim seek to invalidate the Bank's alleged security interest in the personal property of Pinnacle Boonville on the basis that the security agreements were executed without the authority of Pinnacle Boonville.

16. The Bank disputes all such claims and has filed a motion to dismiss the Complaint in the Adversary Proceeding.

**The Equipment Sale**

17. Prior to the Conversion Date, on May 16, 2020, the Trustee, in his capacity as chapter 11 trustee, filed the Motion (No. 3) to Approve (A) One or More Sales of Certain Personal Property Free and Clear of Liens, Interests, Claims and Encumbrances, and (B) Related Relief Pursuant to 11 U.S.C. §§ 102, 105 and 363 (ECF No. 264) (the "Sale Motion").

18. The Sale Motion sought authority to sell all equipment owned by the Debtors (excluding the CCC Equipment, collectively, the "Equipment") at one or more auctions to be conducted by Centurion Services Group, LLC ("Centurion").

19. As set forth in the Sale Motion, Great Western Bank (the "Bank") claims a first priority security interest in the Equipment.

20. The Bank consented to the sale of the Equipment with the Bank's security interests to attach to the net sale proceeds.

21. On June 4, 2020, CCC filed an objection to the Sale Motion to the extent that it sought to sell the CCC Equipment.

22. On July 2, 2020, the Court entered its Order and Findings of Fact and Conclusions of Law Granting Trustee's Motion (No. 3) to Approve (A) One or More Sales of Certain Personal Property Free and Clear of Liens, Interests, Claims and Encumbrances, and (B) Related Relief Pursuant to 11 U.S.C. §§ 102, 105 and 363 (ECF No. 348) (the "Sale Order").

23. Under the terms of the Sale Order, the Bank's security interests attached to the net proceeds from the sale of the Equipment.

4

24. Under the terms of the Sale Order, the CCC Equipment was sold at auction by Centurion with the net sale proceeds to be split and disbursed to CCC according to the agreement set forth in the Sale Order.

### **RELIEF REQUESTED**

25. Centurion completed its auctions of the Equipment and the CCC Equipment.

26. The Trustee received net sale proceeds of $1,180,146.22 for the Equipment and the CCC Equipment (the "Net Sale Proceeds").

27. Under the agreement between CCC and the Trustee, $96,288.75 of the Net Sale Proceeds must be paid to CCC (the "Net CCC Equipment Sale Proceeds"). Under the terms of the Sale Order, the Trustee is paying the Net CCC Equipment Sale Proceeds – less any applicable bank fees incurred by the Trustee – to CCC.

28. After deducting the Net CCC Equipment Sale Proceeds, the Trustee has retained net sale proceeds of $1,083,857.47 (the "Net Equipment Sale Proceeds").

29. Attached as Exhibit A hereto is a calculation of the Net Sale Proceeds, the Net CCC Equipment Sale Proceeds, and the Net Equipment Sale Proceeds (the "Sale Proceeds Calculation").

30. The Sale Proceeds Calculation also includes a breakdown between the Net Equipment Sale Proceeds applicable to Pinnacle Hospital, BVSA and Pinnacle Health in the amount of $758,290.00 (collectively, the "Overland Park Proceeds") and the Net Equipment Sale Proceeds applicable to Pinnacle Boonville in the amount of $325,568.47 (the "Boonville Proceeds").

31. The actual amount of the Overland Park Proceeds paid to the Bank will be less the amount of bank fees incurred by the Trustee.

32. The Bank continues to maintain that it is entitled to all the Net Equipment Sale Proceeds; however, this is the subject of the dispute in the Adversary Proceeding.

33. By this Motion, the Trustee seeks authority to pay the Overland Park Proceeds to the Bank in full and final satisfaction of its security interests in the Equipment owned by Pinnacle Hospital, BVSA and/or Pinnacle Health.

34. The Trustee reserves the right to object to the Bank's calculation of the amounts due and owing under the Debtors' and nothing contained herein shall be deemed a waiver, release or modification of such right, which is expressly preserved.

35. The Challenge Action does not challenge the validity, priority or enforceability of the Bank's security interest in the Overland Park Proceeds; however, the Challenge Action does challenge the validity of the Bank's security interest in the Boonville Proceeds.

36. Accordingly, it is in the best interest of the Debtors' estates and their creditors that the Trustee be permitted to disburse the Overland Park Proceeds to the Bank.

37. The Trustee reserves the right to object to the Bank's claims in these Bankruptcy Case, including, without limitation, the Bank's application of the Overland Park Proceeds to any of the debts owed by the Debtors to the Bank.

WHEREFORE, for the reasons set forth herein, the Trustee requests that the Court grant this Motion, authorizing the Trustee to disburse the Overland Park Proceeds to the Bank; and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

STINSON LLP

By: */s/ Nicholas J. Zluticky*
Nicholas J. Zluticky KS # 23935
Michael P. Pappas. D. Kan. # 78856

1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
Nicholas.zluticky@stinson.com
Michael.pappas@stinson.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE JAMES A. OVERCASH

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 11, 2020, the Chapter 7 Trustee's Motion for Authority to Disburse Sale No. 3 Net Proceeds to Great Western Bank and Commercial Capital Company, LLC was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF System. Further, I certify that copies of the Chapter 7 Trustee's Motion for Authority to Disburse Sale No. 3 Net Proceeds to Great Western Bank and Commercial Capital Company, LLC were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following:

    Centinel Spine, LLC
    c/o Moritt Hock & Hamroff LLP
    Moritt Hock & Hamroff
    400 Garden City Plaza
    Garden City, NY 11530

    Dan Ray Nelson on behalf of Creditor Premier Specialty Network, LLC
    300 S. John Q. Hammons Pkwy
    Suite 800
    Springfield, MO 65806

    Amanda M. Wilwert
    Foulston Siefkin, LLP
    9225 Indian Creek Parkway
    Suite 600
    Overland Park, KS 66210

                                           __/s/ Nicholas J. Zluticky_____
                                            Counsel for the Chapter 7 Trustee