# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| In re: | ) |
| | ) |
| Pinnacle Regional Hospital, Inc., *et al.*,[1] | ) Case No. 20-20219 |
| | ) |
| Debtors. | ) Chapter 7 |
| | ) |
| | ) (Jointly Administered) |

## TRUSTEE'S MOTION TO DISMISS PINNACLE HEALTH CARE SYSTEM, INC. BANKRUPTCY CASE

COMES NOW James A. Overcash, not individually, but solely in his capacity as Chapter 7 Trustee in the above-captioned bankruptcy cases (the "Trustee"), submits this Motion pursuant to 11 U.S.C. § 1112(b) seeking the dismissal of Pinnacle Health Care System, Inc.'s ("PHCSI") bankruptcy case. In support of this Motion, the Trustee states as follows:

1. On February 12, 2020 (the "Commencement Date"), Pinnacle Regional Hospital Inc. ("Pinnacle Hospital"), Pinnacle Regional Hospital, LLC ("Pinnacle Booneville"), Blue Valley Surgical Associates, LLC ("BVSA"), PHCSI, Rojana Realty Investments, Inc. ("Rojana"), and Joy's Majestic Paradise, Inc., ("Joy's" and together with the other debtors, collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (collectively, the "Bankruptcy Cases").

2. On March 30, 2020, the Trustee was appointed as the chapter 11 trustee in the Bankruptcy Cases (ECF No. 84).

---

[1] The Debtors in the consolidated case are: Pinnacle Regional Hospital, Inc., Case No. 20-20219; Pinnacle Regional Hospital, LLC, Case No. 20-20221; Blue Valley Surgical Associates, LLC, Case No. 20-20222; Pinnacle Health Care System, Inc., Case No. 20-20224; Rojana Realty Investments, Inc., Case No. 20-20225; and Joy's Majestic Paradise, Inc., Case No. 20-20227.

CORE/3519737.0002/174133882.1

3. On July 23, 2020, the Court entered its Order Granting Trustee's Motion to Convert Jointly-Administered Bankruptcy Cases to Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. 1112 (ECF No. 385) (the "Conversion Order").

4. Pursuant to the Conversion Order, on July 31, 2020, the Bankruptcy Cases converted to cases under Chapter 7 of the Bankruptcy Code.

5. On August 3, 2020, the Trustee was appointed as chapter 7 trustee in the Bankruptcy Cases.

6. On December 2, 2020, the Court entered its Memorandum Opinion and Judgment Ruling on Centinel Spine, LLC's Motion for Resolution of Dispute Chapter 7 Trustee Elections (the "Election Opinion") (ECF. No. 539), declaring the Trustee the elected Chapter 7 trustee in each of the Debtors bankruptcy cases except for Pinnacle Regional Hospital, LLC ("Pinnacle Boonville"). Larry Pittman was elected to serve as the Chapter 7 trustee in the Pinnacle Booneville case.

7. The Court has jurisdiction of this Motion pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b) in that this motion affects the administration of PHCSI's bankruptcy case. Venue is proper in this Court. 28 U.S.C. § 1409(a).

8. On January 10, 2022 the Trustee filed his Notice of 401(K) Plan Termination, seeking to terminate PHCSI's 401(k) Plan (ECF No. 691).

9. On April 27, 2022, the Court entered an Order granting the Notice of 401(K) Plan Termination. The Trustee believes that all required steps and filings have been taken to terminate the 401(K) Plan.

10. PHCSI may have unfiled tax returns that should be filed. However, PHCSI's bankruptcy estate cannot afford the administrative expenses neccessary to file such tax returns.

11. Furthermore, the Trustee has determined that PHCSI has no further assets for the Trustee to collect and liquidate.

12. The only remaining asset of PHCSI is cash in the amount of $28,681.10, which is comprised of receipts from accounts receivable paid to PHCSI. Accordingly, such funds shall be remitted to Great Western Bank as secured party.

13. 11 U.S.C. 1112(b)(1) provides that "on request of a party in interest, and after notice and a hearing, the court shall…dismiss a case under this chapter…for cause…"

14. Cause exists to dismiss PHCSI's bankruptcy case because the Trustee has completed winding up the employee retirement plan and other related benefit liability issues, PHCSI cannot afford to file required tax returns and there are no assets left for the Trustee to administer. Accordingly, there is no further purpose served by permitting PHCSI's bankruptcy case to remain open.

WHERFORE, for the reasons set forth herein, the Trustee requests that the Court grant this Motion consistent with the averments set forth herein, and grant such other and further relief as the Court deems just and proper.

3
CORE/3519737.0002/174133882.1
Case 20-20219   Doc# 756   Filed 04/27/22   Page 3 of 5

Dated this 27th day of April, 2022.

>Respectfully submitted,
>
>STINSON LLP
>
>By: __/s/ Nicholas J. Zluticky_____
>Nicholas J. Zluticky, KS #23935
>1201 Walnut, Suite 2900
>Kansas City, MO 64106
>Telephone: (816) 842-8600
>Facsimile: (816) 691-3495
>nicholas.zluticky@stinson.com
>
>COUNSEL FOR THE CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 27, 2022, the foregoing document was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF System. Further, I certify that copies of the foregoing document were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following on April 27, 2022:

Office of the United States Trustee
301 North Main Suite 1150
Wichita, KS 67202

Centinel Spine, LLC
c/o Moritt Hock & Hamroff LLP
Moritt Hock & Hamroff
400 Garden City Plaza
Garden City, NY 11530

Amanda M. Wilwert
Foulston Siefkin, LLP
9225 Indian Creek Parkway
Suite 600
Overland Park, KS 66210

Dan Ray Nelson on behalf of Creditor
Premier Specialty Network, LLC
300 S. John Q. Hammons Pkwy
Suite 800
Springfield, MO 65806

　　　　　　　　　　　　　　　　　__/s/ Nicholas J. Zluticky_____
　　　　　　　　　　　　　　　　　Counsel for the Chapter 7 Trustee