**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF KANSAS AT KANSAS CITY**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Pinnacle Regional Hospital, Inc.,** *et al.*,[1] | ) | **Case No. 20-20219** |
| | ) | |
| **Debtors.** | ) | **Chapter 7** |
| | ) | |
| | ) | **(Jointly Administered)** |

**MOTION UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE TO APPROVE PROPOSED SETTLEMENT WITH CARDINAL
HEALTH 200, LLC**

Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, James A. Overcash, not individually, but solely in his capacity as Chapter 7 Trustee in the above-captioned bankruptcy cases (the "Trustee") hereby submits this motion (the "Motion") for approval of a proposed settlement of claims against Cardinal Health 200, LLC (the "Transferee"). In support of this Motion, the Trustee represents as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. § § 1408 and 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On February 12, 2020 (the "Commencement Date"), Pinnacle Regional Hospital Inc. ("Pinnacle Hospital"), Pinnacle Regional Hospital, LLC ("Pinnacle Booneville"), Blue Valley Surgical Associates, LLC ("BVSA"), PHSCI, Rojana Realty Investments, Inc. ("Rojana"), and Joy's Majestic Paradise, Inc., ("Joy's" and together with the other debtors, collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 title 11 of the United States Code

---

[1] The Debtors in the consolidated case are:  Pinnacle Regional Hospital, Inc., Case No. 20-20219; Pinnacle Regional Hospital, LLC, Case No. 20-20221; Blue Valley Surgical Associates, LLC, Case No. 20-20222; Pinnacle Health Care System, Inc., Case No. 20-20224; Rojana Realty Investments, Inc., Case No. 20-20225; and Joy's Majestic Paradise, Inc., Case No. 20-20227.

(the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (collectively, the "Bankruptcy Cases").

3.      On March 30, 2020, the Trustee was appointed as the chapter 11 trustee in the Bankruptcy Cases (ECF No. 84).

4.      On July 23, 2020, the Court entered its Order Granting Trustee's Motion to Convert Jointly-Administered Bankruptcy Cases to Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. 1112 (ECF No. 385) (the "Conversion Order").

5.      Pursuant to the Conversion Order, on July 31, 2020, the Bankruptcy Cases converted to cases under Chapter 7 of the Bankruptcy Code.

6.      On August 3, 2020, the Trustee was appointed as chapter 7 trustee in the Bankruptcy Cases.

7.      On December 2, 2020, the Court entered its Memorandum Opinion and Judgment Ruling on Centinel Spine, LLC's Motion for Resolution of Dispute Chapter 7 Trustee Elections (the "Election Opinion") (ECF. No. 539), declaring the Trustee the elected Chapter 7 trustee in each of the Debtors bankruptcy cases except for Pinnacle Boonville. Larry Pittman was elected to serve as the Chapter 7 trustee in the Pinnacle Booneville case.

8.  The Trustee brought an action against the Transferee under §§ 502, 547 and 548 of the Bankruptcy Code, recoverable from the Transferee under § 550 (the "Adversary Action"), for transfers totaling $19,564.74 (the "Transfers") made during the ninety (90) days prior to the Commencement Date and/or within two (2) years of the Commencement Date.

## THE SETTLEMENT AGREEMENT

9.   The Trustee and the Transferee have agreed to resolve the Adversary Action pursuant to the following terms (the "Settlement Agreement").  A true and correct copy of the Settlement Agreement is attached as **Exhibit A**.

10. First, Transferee has agreed to pay $2,000.00 (the "Settlement Amount") to Trustee.

11. Automatically upon delivery of the Settlement Amount, the Trustee has agreed to forever waive and release all claims against the Transferee arising out of or related to the Avoidance Action, including but not limited to any claims under §§ 547-550 of the Bankruptcy Code.

12.  Conditioned upon timely receipt of the Settlement Amount, the Transferee shall have thirty (30) days to file in the Bankruptcy Case, any claim that Transferee may have under §§  501 or 502(h) of the Bankruptcy Code.

13. The Transferee has agreed to forever waive and release all claims against the Trustee and Debtors arising out of or related to the Avoidance Action. Notwithstanding the foregoing, the Transferee has not waived its right to file any claim it might have under §§ 501 and 502(h) of the Bankruptcy Code.

14. The Trustee has analyzed and deliberated the merits and costs associated with prosecuting the Adversary Action. Considering the likelihood of success on the merits, the costs of litigation, and the delay in achieving a return for creditors, the terms contemplated in the Settlement Agreement have value to the estate that is well above the minimum value of the Adversary Action.

## LEGAL BASIS FOR RELIEF

15. Rule 9019 of the Federal Rules of Bankruptcy provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

16. Compromises are favored in bankruptcy. The purpose is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims. *In re S. Med. Arts Companies, Inc*., 343 B.R. 250, 256 (B.A.P. 10th Cir. 2006)

17. The authority to approve a compromise settlement is within the sound discretion of the bankruptcy court. *In re Kopexa Realty Venture Co*., 213 B.R. 1020, 1022 (10th Cir. BAP 1997).

18. In exercising its discretion, a court should consider the following factors:

    a. The chance of success of the litigation on the merits;

    b. Possible problems in collecting a judgment;

    c. The expense and complexity of the litigation; and

    d. The interest of creditors.

*See Id*.; *See also In re W. Pac. Airlines, Inc*., 219 B.R. 575, 579 (D. Colo. 1998).

19. A bankruptcy court's decision to approve a settlement must be an informed one based upon objective evaluation of developed facts. *Reiss v. Hagmann*, 881 F.2d 890 (10th Cir. 1989).

20. A court's function is not to ensure that the proposed settlement is the best possible settlement obtainable. Rather, the court should determine whether the settlement falls below the lowest point in the range or reasonableness. *In re Rich Glob*., LLC, 652 F. App'x 625, 631 (10th Cir. 2016).

21. In this instance, consideration of these factors support the conclusion that the Settlement Agreement should be approved. Namely, Transferee has presented evidence to support its defense that Transfers were in the ordinary course of business and that it provided new value pursuant to Section 547(c) of the Bankruptcy Code.

22. It is, therefore, the Trustee's business judgment that exchanging the Adversary Action for $2,000.00 will achieve a value for the estate well above the minimum likely return that could be

4

achieved in the Adversary Actions and the Settlement Agreement is in the best interest of the Debtor's estate.

WHEREFORE, the Trustee requests that the court enter an order approving the Settlement Agreement and granting such other relief as is just and proper.

Dated this 19th day of May, 2022.　　　　Respectfully submitted,


STINSON LLP

By: ___/s/ Nicholas J. Zluticky_____
Nicholas J. Zluticky, KS #23935
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
nicholas.zluticky@stinson.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 19, 2022, the foregoing document was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF System. Further, I certify that copies of the foregoing document were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following on May 19, 2022:

Office of the United States Trustee
301 North Main Suite 1150
Wichita, KS 67202

Centinel Spine, LLC
c/o Moritt Hock & Hamroff LLP
Moritt Hock & Hamroff
400 Garden City Plaza
Garden City, NY 11530

Amanda M. Wilwert
Foulston Siefkin, LLP
9225 Indian Creek Parkway
Suite 600
Overland Park, KS 66210

Dan Ray Nelson on behalf of Creditor
Premier Specialty Network, LLC
300 S. John Q. Hammons Pkwy
Suite 800
Springfield, MO 65806


_/s/ Nicholas J. Zluticky_
Counsel for the Chapter 7 Trustee

6