UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| In re: | ) |
| | ) |
| **Pinnacle Regional Hospital, Inc., *et al.*,**[1] | ) Case No. 20-20219 |
| | ) |
| Debtors. | ) Chapter 7 |
| | ) |
| | ) (Jointly Administered) |

**TRUSTEE'S MOTION (No. 14) TO APPROVE (A) SALE OF
CERTAIN REAL PROPERTY FREE AND CLEAR OF ALL LIENS,
INTERESTS, CLAIMS AND ENCUMBRANCES, AND
(B) RELATED RELIEF PURSUANT TO 11 U.S.C. §§102, 105 AND 363**

COMES NOW James A. Overcash, not individually, but solely in his capacity as the Chapter 7 trustee in the above-captioned bankruptcy cases (the "Trustee"), submits this motion (No. 14) (the "Motion") for an order (the "Order"), pursuant to 11 U.S.C. §§ 102, 105, and 363, and Fed. R. Bankr. P. 2002, 6004, and 9014 to approve (a) a sale of certain real property free and clear of all liens, interests, claims and encumbrances, and (b) related relief. In support of this Motion, the Trustee represents as follows:

**BACKGROUND**

1. On February 12, 2020 (the "Commencement Date"), Pinnacle Regional Hospital Inc. ("Pinnacle Hospital"), Blue Valley Surgical Associates, LLC ("BVSA"), Rojana Realty Investments, Inc. ("Rojana"), and Joy's Majestic Paradise, Inc., ("Joy's" and together with the other debtors, collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (collectively, the "Bankruptcy Cases").

---

[1] The Debtors in this case are: Pinnacle Regional Hospital, Inc., Case No. 20-20219; Blue Valley Surgical Associates, LLC, Case No. 20-20222; Rojana Realty Investments, Inc., Case No. 20-20225; and Joy's Majestic Paradise, Inc., Case No. 20-20227.

2. On March 30, 2020, the Trustee was appointed as the chapter 11 trustee in the Bankruptcy Cases (ECF No. 84).

3. On July 23, 2020, the Court entered its Order Granting Trustee's Motion to Convert Jointly-Administered Bankruptcy Cases to Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. 1112 (ECF No. 385) (the "Conversion Order").

4. Pursuant to the Conversion Order, on July 31, 2020, the Bankruptcy Cases converted to cases under Chapter 7 of the Bankruptcy Code.

5. On August 3, 2020, the Trustee was appointed as chapter 7 trustee in the Bankruptcy Cases.

6. The Court has jurisdiction of this motion pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b) in that this motion seeks sale of property of the estate and affects the administration of these bankruptcy cases. Venue is proper in this Court. 28 U.S.C. § 1409(a).

## SALE ASSET

7. One of the assets owned by Joy's is property located in Bates County, Missouri as more fully described on Exhibit A hereto (the "Real Estate").

8. On September 11, 2020, the Court entered an Order and Findings of Facts and Conclusions of Law Granting Trustee's Motion (No. 5) to Approve (A) Sale of Certain Real Property Free and Clear of All Liens, Interests, Claims and Encumbrances, and (B) Related Relief Pursuant to 11 U.S.C. §§ 102, 105 and 363 (the "First Sale Order") (ECF No. 478). In the First Sale Order, the Court approve a sale of the Real Estate to MC Boedeker Agriculture Limited Partnership, LTD, but the purchaser of the Real Estate has since changed.

## POTENTIAL ASSERTED INTERESTS IN THE REAL ESTATE

9. Bates County, Missouri may claim a lien on the Real Estate to secure unpaid taxes in the approximate amount of $1,631.89 plus applicable interest and penalties.

10. Eugene Dines and Marcella Dines, husband and wife (the "Dines") may claim an interest in the Real Estate pursuant to an Oil, Gas and Mineral Lease recorded in Book 543 at Page 94 in the Bates County, Missouri Recorder of Deeds Office (the "Dines Lease"). The Dines Lease has expired by its terms and, accordingly, the Dines' leasehold interest in the Real Estate has terminated.

11. Great Western Bank (the "Bank") claims a lien on the Real Estate pursuant to a Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing Statement, dated February 7, 2018 and recorded February 8, 2018 in Book 1024 at Page 1 in the Bates County, Missouri Recorder of Deeds Office (the "Bank Deed of Trust"), securing all amounts owed by Joy's to the Bank. The Bank has consented to the sale of the Real Estate free and clear of the Bank Deed of Trust with any lien of the Bank to attach to the net sale proceeds.

## THE PROPOSED SALE

12. The Trustee engaged Crown Realty (the "Broker") to market and sell the Real Estate.

13. On June 15, 2020, the Trustee received an offer from the Hohne Family Trust and/or assigns (the "Purchaser"). After negotiating with the Purchaser, the Trustee and the Purchaser agreed to a Residential Real Estate Sale Contract, as amended, a true and correct copy of which is collectively attached as Exhibit B hereto (the "Purchase Agreement").

14. Under the terms of the Purchase Agreement, the Purchaser will pay $158,000.00 in cash for the Real Estate (the "Purchase Price"). The sale is conditioned upon approval by this Court. The Purchaser also agreed to make an earnest money deposit in the amount of $2,500.00.

3

15. The Trustee has reviewed the Purchase Agreement and determined that the proposed sale is the best way to maximize the value of the Real Estate for these Bankruptcy Cases.

16. The Sale Proceeds will be disbursed at closing to satisfy the Bank Deed of Trust and the Trustee will escrow the remaining Sale Proceeds pending further order of the Court.

17. The Purchase Price is equal to or more than the fair market value of the Real Estate.

18. In short, the Purchase Price represents the highest and best offer for the Real Estate.

## BASIS FOR REQUESTED RELIEF

**I.  Sale of Property under § 363 of the Bankruptcy Code**

19. Section 363(b)(1) of the Bankruptcy Code provides: "The Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

20. A sale of assets of a debtor should be authorized pursuant to Section 363 of the Bankruptcy Code if a sound business purpose exists for doing so, the proposed sale price is reasonable, and the proposed buyer is proceeding in good faith. *See, e.g., In re WK Lang Holdings, LLC*, Case No. 13-11934, 2013 WL 6579172, at *6 (Bankr. D. Kan. Dec. 12, 2013); *Fulton State Bank v. Schipper (In re Schipper)*, 933 F. 2d 513, 515 (7th Cir. 1991); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1993). The business judgment rule shields a debtor's management from judicial second-guessing. ("'[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.'") *In re Farmland Indus., Inc.*, 294 B.R. 903, 913 (Bankr. W.D. Mo. 2003) (quoting *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986)).

4
CORE/3519737.0002/162690452.2
Case 20-20219    Doc# 784    Filed 07/01/22    Page 4 of 9

Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that, in making a business decision, the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

21. As explained above, the Trustee has determined that the proposed sale of the Real Estate to the Purchaser is the best way to maximize the value of the Real Estate for these Bankruptcy Cases. Maximization of asset value is a sound business purpose, warranting authorization of the sale. In addition, the sale price is reasonable and, as set forth herein, the Purchaser is acting in good faith and is entitled to the protections of § 363(m) of the Bankruptcy Code.

## II.  Treatment of Potential Interests in the Real Estate

22. Any lien of Bates County, Missouri is to secure current taxes owed. As set forth above, those taxes are significantly less than the sale price. Moreover, the taxes will be paid at closing, thus extinguishing any such lien. Therefore, as to any tax lien, § 363(f) of the Bankruptcy Code is not implicated because the sale will not be free and clear of any such tax lien, but rather will result in the payment thereof at closing.

23. The Dines no longer hold an interest in the Real Estate; accordingly, the Real Estate may be sold free and clear of the Dines Lease.

24. The Bank has consented to the sale of the Real Estate free and clear of the Bank Deed of Trust on the condition that the Bank's lien attaches the proceeds of the sale; accordingly, the Real Estate may be sold free and clear of the Bank Deed of Trust under § 363(f) of the Bankruptcy Code.

### III. Good Faith Purchaser Under § 363(m) of the Bankruptcy Code

25. The Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). While the Bankruptcy Code does not define "good faith," the Seventh Circuit has held that:

> The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

*In re Andy Frain Services, Inc.*, 798 F.2d 1113, 1125 (7th Cir. 1986) (emphasis omitted) (quoting *In re Rock Industries Machinery Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978) (interpreting Bankruptcy Rule 805, the precursor of § 363(m)).

26. The Purchaser is a third party buyer unrelated to the Trustee or any of the Debtors and the terms of the Purchase Agreement are fair and reasonable.

27. The Trustee submits that the Purchase Agreement is an arm-length transaction entitled to the protections of § 363(m) of the Bankruptcy Code. *See In re Trism*, 328 F.3d 1003, 1006 (8th Cir. 2003).

### IV. Waiver of Fourteen-Day Stay Under Bankruptcy Rule 6004

28. Finally, pursuant to Bankruptcy Rule 6004(h), cause exists for the fourteen-day stay set forth in Bankruptcy Rule 6004 to be waived. The Purchase Agreement expressly states that time is of the essence in completing the sale transaction. In addition, no party will be prejudiced by elimination of the stay because the Motion sufficiently protects the interests of all parties-in-interest. Under the terms of the sale, the net proceeds will be held by the Trustee in a segregated

account pending further order of the Court. Therefore, the Trustee requests that in the order approving the sale, that the Court waive the 14-day waiting requirement of Rule 6004 so that, in reliance on the order approving this Motion, the Trustee and the Purchaser can immediately close the sale transaction.

## CONCLUSION

29. Based on the forgoing, the Trustee submits that the sale of the Real Estate is in the best interests of the Debtors' bankruptcy estates and should be approved. In conjunction therewith, the Trustee requests the Court approve the sale of the Real Estate to the Purchaser under the terms of the Purchase Agreement free and clear of all claims and interests, and find that the Purchaser is a good faith purchaser and entitled to the protections of § 363(m) of the Bankruptcy Code. Approval of these requests is in the best interests of their creditors and other interested parties and will maintain, preserve and maximize the value of the Real Estate for the benefit of all creditors in this case.

WHEREFORE, for the reasons set forth herein, the Trustee requests that the Court grant this Motion consistent with the averments set forth herein, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

STINSON LLP

By: */s/ Nicholas J. Zluticky*
Nicholas J. Zluticky KS # 23935
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
Nicholas.zluticky@stinson.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE
JAMES A. OVERCASH

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 1, 2022, a true and correct copy of the foregoing document was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF System.  Further, I certify that copies of the foregoing document were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following:

Centinel Spine, LLC
c/o Moritt Hock & Hamroff LLP
Moritt Hock & Hamroff
400 Garden City Plaza
Garden City, NY 11530

Dan Ray Nelson on behalf of Creditor Premier Specialty Network, LLC
300 S. John Q. Hammons Pkwy
Suite 800
Springfield, MO 65806

Amanda M. Wilwert
Foulston Siefkin, LLP
9225 Indian Creek Parkway
Suite 600
Overland Park, KS 66210

                                                  */s/ Nicholas J. Zluticky*
                                                  Counsel for the Chapter 7 Trustee